UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL CASE NO. 5:18-CV-153-TBR-LLK

CHRISTOPHER DODSON, *et al.*,                                                    PLAINTIFFS

v.

TONY CROUCH, *et al.*,                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs Christopher Dodson and Joseph Dillon's Motion for Entry of Default, [DN 20], Plaintiffs' Motion to Amend Scheduling Order, [DN 22], Plaintiffs' Motion to Dismiss Defendant Crouch's Cross-Claims, [DN 28], and a Motion to Withdraw as Attorney, [DN 38]. Defendant Tony Crouch responded to the Motion to Dismiss Defendant Crouch's Cross-Claims. [DN 31]. No other responses have been filed and the deadlines to do so have passed. These matters are ripe for adjudication. For the reasons stated herein: Plaintiffs' Motion for Entry of Default, [DN 20], is GRANTED; Plaintiffs' Motion to Amend Scheduling Order, [DN 22], is GRANTED; Plaintiffs' Motion to Dismiss Defendant Crouch's Cross-Claims, [DN 28], is DENIED; and the Motion to Withdraw as Attorney, [DN 38], is GRANTED.

## BACKGROUND

The factual allegations, as set forth in the Complaint and presumed to be true at the motion to dismiss stage of litigation, are as follows.[1] For fifteen years, Defendant Tony Crouch worked for Plaintiff Christopher Dodson by managing Dodson's real estate and rental property business.

---

[1] When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

[DN 1 at 4]. In 2016, Crouch introduced Dodson to Defendant Billy Vandergriff and encouraged him to invest in Vandergriff's contracting business, Reidland Custom. *Id.* at 5. Over the next few years, Dodson loaned Vandergriff hundreds of thousands of dollars to purchase materials for contracting jobs. *See id.* at 5–35. According to the Complaint, Vandergriff later admitted that "he had misrepresented the existence of business contracts and had fabricated the need for the materials and supplies" in order to secure money from Dodson. *Id.* at 32–33. Additionally, Crouch admitted to fabricating documents from a credit union in an attempt to "cover" for Vandergriff. *Id.* at 33. Based on these facts, Plaintiffs brought a variety of claims against Crouch, Vandergriff, and their businesses, including conversion, fraud/fraudulent misrepresentation, conspiracy, unjust enrichment, breach of contract, and punitive damage. *Id.* at 35–45.

## LEGAL STANDARD AND ANALYSIS

### I. Motion for Entry of Default [DN 20]

First, the Court will address Plaintiffs' Motion for Entry of Default against Defendants Reidland Custom Title and Flooring, LLC, Reidland Title and Flooring, LLC, BBV Properties, LLC, Show Tyme Power Sports, LLC, and SEMO Raceway, LLC. [DN 20]. Federal Rule of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In support of their motion for entry of default, Plaintiffs filed an affidavit asserting that Defendants Reidland Custom Title and Flooring, LLC, Reidland Title and Flooring, LLC, BBV Properties, LLC, Show Tyme Power Sports, LLC, and SEMO Raceway, LLC were properly served with a Summons and copy of the Complaint. [DN 20-1]. More than twenty-one days have elapsed since service and Defendants have failed to plead or otherwise defend this action. *Id.* Therefore, Plaintiffs' Motion for Entry of Default, [DN 20],

against Defendants Reidland Custom Title and Flooring, LLC, Reidland Title and Flooring, LLC, BBV Properties, LLC, Show Tyme Power Sports, LLC, and SEMO Raceway, LLC is GRANTED.

## II. Motion to Amend Scheduling Order [DN 22]

Next, the Court will consider Plaintiffs' Motion to Amend the Scheduling Order. [DN 22]. On May 14, 2019, Defendants Tony Crouch and Billy Vandergriff pled guilty to crimes associated with the same facts alleged in this case. *Id.* at 162. Plaintiffs claim they did not attempt to compel discovery from Vandergriff during the criminal investigation in order to avoid interfering with the U.S. Attorney's office. *Id.* Plaintiffs' Motion to Amend the Scheduling Order is GRANTED. [DN 22]. The Court will set a new discovery schedule during the telephonic conference scheduled for December 4, 2019 at 9:00 AM.

## III. Motion to Dismiss Defendant Crouch's Cross-Claims [DN 28]

The next matter before the Court is Plaintiffs' Motion to Dismiss Defendant Crouch's Cross-Claims. [DN 28]. On July 23, 2019, Defendant Crouch filed a cross-claim against Defendant Vandergriff claiming that if Plaintiffs were successful in their conversion, fraud/fraudulent misrepresentation, unjust enrichment, or punitive damages claims against Crouch, Vandergriff is liable to Crouch for any amount contained in the judgment. [DN 27]. Plaintiffs filed a Motion to Dismiss Crouch's Cross-Claims for failure to state a claim upon which relief may be granted arguing that Kentucky law bars indemnification in cases involving intentional acts. [DN 28]. However, Crouch did not join Plaintiffs as parties to his cross-claim. [*See* DN 27]. Federal Rule of Civil Procedure 12(b)(6) permits parties to file *defensive* motions, including motions for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Since Plaintiffs are not parties to the cross-claim, they do not have standing to raise a defense to it. *See Huff v. Lincoln Cty. Sheriff's Office*, No. CIV-18-683-C, 2019 WL 3430121, at *1 (W.D. Okla. Mar. 22, 2019)

("[O]ne party cannot justifiably seek dismissal or summary judgment on claims which do not involve that party."); *Sung v. Hamilton*, 676 F. Supp. 2d 990, 995 (D. Haw. 2009) ("Plaintiff also seeks summary judgment on portions of TGES's Crossclaim against the remaining defendants. However, Plaintiff may not do so as Plaintiff is not a party to TGES' crossclaim."); *D.G. v. City of Las Cruces*, No. 14-CV-368 MCA/WPL, 2016 WL 10721467, at *11 (D.N.M. Feb. 1, 2016); *Stonebreaker v. Guardian Life Ins. Co. of Am.*, No. 11CV797 WQH WVG, 2012 WL 601422, at *2 (S.D. Cal. Feb. 23, 2012). Because Plaintiffs are not parties to the cross-claim, their Motion to Dismiss Crouch's Cross-Claims, [DN 28], is DENIED.

### IV. Motion to Withdraw as Attorney [DN 38]

The final matter before the Court is the Motion to Withdraw as Attorney. [DN 38]. Plaintiffs' attorney seeks to withdraw from representation due to fundamental differences of opinion with her clients. *Id.* The Motion to Withdraw as Attorney, [DN 38], is GRANTED. Plaintiffs will have thirty (30) days from the date of this Memorandum Opinion and Order in which to retain new counsel.

### CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED**:

1) Plaintiffs' Motion for Entry of Default, [DN 20], is **GRANTED**;

2) Plaintiffs' Motion to Amend Scheduling Order, [DN 22], is **GRANTED**;

3) Plaintiffs' Motion to Dismiss Defendant Crouch's Cross-Claims, [DN 28], is **DENIED**;

4) The Motion to Withdraw as Attorney, [DN 38], is **GRANTED**. Plaintiffs shall have thirty (30) days from the date of this Memorandum Opinion and Order to retain new counsel.

5) A telephonic conference is scheduled for December 4, 2019 at 9:00 AM. Counsel must call **1-877-848-7030** then give the **Access Code 2523122 and #, then when prompted press # again** to join the call.

**IT IS SO ORDERED.**

CC: Attorneys of Record

Mr. Tony Crouch
19745-033
MARION
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959
PRO SE

Mr. Christopher B. Dodson
3954 Mermet Road
Belknap, IL 62908

Mr. Joseph Dillon
222 N. Columbus Drive, Unit 4303
Chicago, IL 60601