UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL CASE NO. 5:18-CV-153-TBR-LLK

CHRISTOPHER DODSON, *et al.*,                                     PLAINTIFFS

v.

TONY CROUCH, *et al.*,                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Billy Vandergriff, Reidland Custom Title and Flooring, LLC, Reidland Tile and Flooring, LLC, BBV Properties, LLC, and Show Tyme Power Sports, LLC's Motion to Reconsider. [DN 41]. Plaintiffs Christopher Dodson and Joseph Dillon have not responded and the deadline to do so has passed. This matter is ripe for adjudication. For the reasons set forth herein, Defendants' Motion to Reconsider, [DN 41], is GRANTED.

## BACKGROUND

Plaintiffs Christopher Dodson and Joseph Dillon filed a Complaint against Tony Crouch, Billy Vandergriff, and a variety of other corporate defendants alleging conversion, fraud/fraudulent misrepresentation, conspiracy, unjust enrichment, breach of contract, and punitive damages. [DN 1]. On May 31, 2019, Plaintiffs filed a Motion for Entry of Default against Defendants Reidland Custom Title and Flooring, LLC, Reidland Title and Flooring, LLC, BBV Properties, LLC, Show Tyme Power Sports, LLC, and SEMO Raceway, LLC. [DN 20]. The Court granted Plaintiffs' motion on the grounds that more than twenty-one days had elapsed since service, and Defendants had failed to plead or otherwise defend the action. [DN 40]. Shortly thereafter, Defendants filed a Motion to Reconsider requesting the Court set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c) or Rule 60(b). [DN 41].

## LEGAL STANDARD

Our courts have a "policy of favoring trials on the merits." *Shepard Claim Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 192 (6th Cir. 1986). Therefore, an entry of default may be set aside "upon a showing of 'good cause.'" *United States v. $ 22,050.00 United States Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing Fed. R. Civ. P. 55(c)). A district court has discretion to set aside an entry of default, but is guided by three factors: (1) whether the plaintiff

will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether "culpable conduct of the defendant led to the default." *Shepard*, 796 F.2d at 192 (collecting cases).

First, setting aside the entry of default will not prejudice Plaintiffs. "Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin Meter Co., Inc v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). Plaintiffs failed to demonstrate any way in which setting aside the entry of default would be detrimental to their claims. Moreover, given the current procedural posture of this case, the Court believes that Plaintiffs would not be prejudiced by setting aside the entry of default.

Second, this Court finds that Defendants have a meritorious defense. A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006) (quoting *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)). "[T]he test is not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true." *In re Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985). "If a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell*, 434 F.3d at 834 (citing *Williams*, 346 F.3d at 614). Here, Defendants offer three potential defenses to Plaintiffs' allegations: (1) whether a corporate entity can be held civilly responsible for the alleged criminal conduct of a member; (2) whether there is overlap between the damages sought and the restitution ordered in the criminal proceedings; and (3) whether Plaintiffs can prove sufficient proof of any additional damages. [DN 41 at 231]. Thus, the Court is satisfied that Defendants have raised a meritorious defense to Plaintiffs' claims.

Finally, Defendants do not appear to be culpable in failing to timely answer Plaintiffs' Complaint. To "be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Invst Fin. Grp, Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987). Defendants argue that the entry of default occurred due to an unintentional error of Defendants' counsel who "entered the case midstream" and focused his attention on "pressing discovery and scheduling issues." [DN 41 at 229]. The Court has no reason to suspect that Defendants acted to delay the proceeding either for some unlawful purpose or to gain some advantage. The Court also is satisfied that the impact of Defendants' delay on the judicial proceedings is, or will be, minimal.

## CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED**: Defendants' Motion to Reconsider is **GRANTED**, [DN 41], and the Entry of Default, [DN 40], is **VACATED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 3, 2019

CC: Attorneys of Record

Tony Crouch, 19745-033
MARION U.S. PENITENTIARY
P.O. BOX 1000
MARION, IL 62959

Mr. Christopher B. Dodson
3954 Mermet Road
Belknap, IL 62908

Mr. Joseph Dillon
222 N. Columbus Drive, Unit 4303
Chicago, IL 60601